UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; the DEPARTMENT OF HOMELAND SECURITY; and TODD LYONS, in his Official capacity as Acting Director of U.S. Immigration and Customs Enforcement,<br><br>    Defendants. | No. 3:25-cv-00023-JHY-JCH |

## PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM

### I.   INTRODUCTION

Pursuant to this Court's inherent authority to manage and protect litigants' identities, Plaintiff "John Doe" moves for leave to proceed under a pseudonym in this matter.

Plaintiff is a citizen of a Latin American country who lawfully entered the United States in F-1 student status.  Dkt. 1 (Compl. at ¶ 25).  On April 4, 2025, their Student and Exchange Visitor Information System (hereinafter "SEVIS") record was unilaterally terminated by Defendants on erroneous grounds, without notice or opportunity to be heard.  *Id.* ¶ 29.  Because he faces various imminent harms and the prospect of other retaliatory action if his identity is publicly disclosed, Plaintiff seeks an order (1) allowing him to proceed under the pseudonym "John Doe" in this action, and (2) ordering that any Party filing materials with information identifying Plaintiff redact or file such materials under seal.

1

Defendants would suffer no prejudice if Plaintiff proceeded under a pseudonym because Defendants are likely already aware of Plaintiff's identity (and, if not, have been notified contemporaneously with the filing of this motion). The public's interest in open judicial proceedings will be only minimally affected because Plaintiff seeks only to protect their identity and location of residence from public disclosure, and is not requesting that any filings or proceedings other than the instant motion and exhibits be sealed (except insofar as is necessary to protect his identity). Given that courts routinely permit litigants to proceed pseudonymously where the need for confidentiality outweighs the risk of prejudice to defendants and the public's interest in disclosure, Plaintiff respectfully requests that the Court grant this motion.

## II.     FACTUAL BACKGROUND

Plaintiff is an international student who has been lawfully studying in a full-time graduate program at the University of Virginia since applying for and receiving an F-1 visa in the fall of 2024. Dkt. 1 (Compl. at ¶¶ 25–26). On April 4, 2025, Plaintiff's life was upended when University officials informed them that a routine check of SEVIS revealed their status had been abruptly "TERMINATED" by ICE's Student and Exchange Visitor Program (hereinafter "SEVP"). *Id.* ¶¶ 29–30. Neither Plaintiff nor the University of Virginia was given prior notice or an opportunity to respond to this action. *See id.* at ¶¶ 29, 39. Days later, Plaintiff received an email from the U.S. Embassy in their country of origin indicating that Plaintiff's visa had been revoked and that the Bureau of Consular Affairs Visa Office had alerted ICE to this revocation. *Id.* at ¶ 30. The email also warned Plaintiff that they may be the subject of "fines, detention, and/or deportation"—including "to countries other than [Plaintiff's] country of origin." *Id.*

To this day, Plaintiff remains unaware of the factual basis for the termination of their SEVIS status. Plaintiff has never engaged in any significant political activity, and their only

2

criminal history involves an incident in which Plaintiff was assaulted at a bar while in college, for which the charges were swiftly dismissed and the record later expunged. Moreover, Plaintiff has never concealed or improperly failed to disclose this incident to immigration or university officials. While Plaintiff had hoped that the expungement of this unfortunate episode from a decade ago would allow him to put it behind him, his decision to litigate to vindicate his rights in this matter may now require significant public discussion of these unproven allegations.

Disclosing Plaintiff's identity would subject them to serious mental and emotional harm and place them at heightened risk of detention, removal, and physical retaliation. Plaintiff is also pursuing their graduate studies, and public exposure of his name and circumstances could irreparably damage his career and professional prospects in both the United States and abroad.

### III.    LEGAL STANDARD

Although the Federal Rules of Civil Procedure instruct that civil complaints must "name all the parties," the Fourth Circuit has made clear that courts may, "in their discretion, allow pseudonymous litigation," where " privacy or confidentiality concerns are . . . sufficiently critical." *Doe v. Doe*, 85 F.4th 206, 210-11 (4th Cir. 2023) (first quoting Fed. R. Civ. P. 10(a); then quoting *Doe v. Public Citizen*, 749 F.3d 246, 265–66 (4th Cir. 2014)).

In *James v. Jacobson*, the court set forth five non-exhaustive and non-essential factors for district courts to consider when evaluating motions to proceed under pseudonym:

(1) "[W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature";

(2) "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties";

3

(3) "the ages of the persons whose privacy interests are sought to be protected";[1]

(4) "whether the action is against a governmental or private party"; and

(5) "relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously."

6 F.3d 233, 238 (4th Cir. 1993). The Fourth Circuit has also clarified that in evaluating these motions, district courts must balance the moving party's "stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Public Citizen*, 749 F.3d at 274.

## IV. ARGUMENT

### A. Plaintiff's request is to preserve privacy is to preserve privacy in a sensitive matter, not merely to "avoid the annoyance and criticism that may attend any litigation."

Plaintiff's interest in anonymity is squarely grounded in the "privacy [and] confidentiality concerns" animated by the subject-matter of this litigation, and not in any effort to "merely avoid . . . annoyance and criticism." *Jacobson*, 6 F.3d at 238.

Unsurprisingly, courts in this circuit and others have held that requests made to "preserve privacy in [one's] immigration status" are "matter[s] of sensitive and highly personal nature." *See, e.g., IRAP v. Trump*, 2017 WL 11725964 (D. Md. Mar. 17, 2017); *Hispanic Interest Coal. of Ala. v. Governor of Alabama*, 691 F.3d 1236, 147 & n.8 (11th Cir. 2012); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 & n. 11 (9th Cir. 2000). Courts have also

---

[1] Because the third *Jacobson* factor is not relevant to the instant case, it is not addressed in this motion. As recognized by courts in the Fourth Circuit, "the *Jacobson* court made clear that there is no hard-and-fast rule for determining the propriety of permitting a party to proceed under a pseudonym." *Doe v. Tenenbaum*, 127 F. Supp. 3d 426, 469 (D. Md. 2012). And where "the *Jacobson* factors do not readily graft onto [a] case," courts should refuse to "force" a "square peg in a round hole." *Id.* Considering plainly inappropriate factors to tip the scales against a plaintiff's interest in anonymity in this way "would be to manufacture a miscarriage of justice." *Id.* (declining to consider the *Jacobson* factor calling for consideration of age).

4

recognized that plaintiffs have strong interests in protecting highly personal and sensitive information like "educational records," *see J.K. v. Bedell*, 2025 WL 694541, *2 (D. Md. Mar. 3, 2025), and expunged criminal histories, *see Doe v. Inflection Risk Solutions, LLC*, 2025 WL 744583, *1–2 (M.D. Fla. Mar. 7, 2025). This is especially so where, as here, the "confidential and personally identifiable information most likely will jeopardize [the plaintiff's] education and professional future" and have negative impacts on their social and emotional health. *Bedell*, 2025 WL 694541 at *2. Courts around the country dealing with a wave of litigation over SEVIS terminations have allowed "John Doe" filings to go forward. *See, e.g., Doe #1 v. Lyons*, 5:25-cv-00847 (C.D. Cal.); *Doe v. Noem*, No. 2:25-cv-00633 (W.D. Wa.).

Plaintiff is plainly confronted with such jeopardy in this case. "The uncertainty of [Plaintiff's] legal standing in the United States" has "put[ their] education and career trajectory at risk." Ex. A to TRO Application at ¶¶ 17–18. As a result of Defendants' wrongful termination of Plaintiff's F-1 status, Plaintiff is already "no longer able to attend in-person classes, which will negatively impact [their] attendance and participation grades." *Id.* at ¶ 21. Because of this, Plaintiff risks losing the institutional scholarship that makes attending the University of Virginia financially feasible. *Id.* If Plaintiff is not allowed to proceed under pseudonym, publicity of Plaintiff's F-1 status, visa revocation, and expunged criminal record is also likely to impact their ability to find summer internships and post-graduate employment, which in turn may irreparably harm their long-term career trajectory. *See id.* ¶¶ 22–23.

Termination of Plaintiff's SEVIS record has caused (and continues to cause) Plaintiff to experience severe emotional distress and "high levels of stress and anxiety." *Id. at* ¶¶ 18, 24. Since learning that their SEVIS record was terminated, Plaintiff has been "scared [for their] safety and future." *Id.* at ¶ 17. This unexpected and unexplained change in status has made

5

Plaintiff feel "vulnerable and anxious, not only about [their] immediate situation but also about the stability and direction of [their] life in the years to come." *Id.* at ¶ 18. These fears would heighten and intensify were Plaintiff's name to be publicly associated with the disclosures in this litigation.

Such concerns go far beyond "merely [seeking] to avoid the annoyance and criticism that may attend any litigation." *Id.* (quoting *J.C. v. McKnight*, 2023 WL 5487216, at *2 (D. Md. Aug. 24, 2023)). To boot, circumstances make clear that this is not just "any litigation." *Contra id.* Rather, Plaintiff's suit is one of a series of challenges by international students whose SEVIS records were abruptly terminated by ICE abruptly and without explanation in recent weeks. ICE's policy of unlawful terminations appears to be part and parcel of a larger effort to coerce students into abandoning their studies or post-graduate training and "self-deport." Consider, for example, the recent statements of Secretary of State Marco Rubio:

> If you come to this country as a student, we expect you to go to class and study and get a degree. If you come here to vandalize a library, take over campus and do all kinds of crazy things, you know, we're going to get rid of these people and we're going to continue to do it. So when we identify lunatics like these, we take away their student visa. No one's entitled to a student visa. The press covers student visas like there's some sort of birthright. No. A student visa is like me inviting you into my home. If you come into my home and put all kinds of crap on my couch, I'm going to kick you out of my house. [Laughter.] And so, you know, that's what we're doing with our country thanks to the President.

*See Marco Rubio speaks about deportation of Florida student, student visas*, WEAR News, Apr. 10, 2025, available at < https://www.youtube.com/watch?v=rQr4P72ql8Y >. As such, any evaluation of Plaintiff's interest in the privacy and confidentiality of his identity—particularly when linked with information about his immigration and educational statuses—must be considered in light of this alarming and abnormal state of affairs.

That Plaintiff "chose to bring this civil suit" cannot undermine the serious privacy and confidentiality concerns at stake. *Doe v. Sidar*, 93 F.4th 241, 247 (4th Cir. 2024) (internal quotation marks omitted). As the Fourth Circuit has rightly recognized, this "will be true of every plaintiff seeking to proceed anonymously in federal court and is thus irrelevant to the required case-specific analysis" by *Jacobson* and its progeny. *Id.* at 247–48. Moreover, it is fundamental to the American constitutional scheme that plaintiffs have the right to petition the government for a redress of their grievances. *See BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 524–25 (2002) (discussing values underlying the First Amendment and our republican form of government). Putting plaintiffs to the impossible choice of forgoing their right to access courts of law and subjecting themselves to clear risks of retaliation, harassment, and other harm would be fundamentally inconsistent with that scheme.

### B. Identification of Plaintiff poses a risk of physical and mental harm.

Forcing Plaintiff to proceed without a pseudonym in this case would plainly subject them to serious mental, social, and emotional harm of the type that has been recognized by courts in this circuit as grounds to proceed under pseudonym. *Bedell*, 2025 WL 694541, at *2 (citing *E.E.O.C. v. Spoa, LLC*, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013)).

The Fourth Circuit has indicated that the present social climate is relevant to the harm analysis. In *Doe v. Doe*, for example, the court noted that "media exposure" can be an aggravating harm analysis, and cited to lower courts in the circuit had found "evidence of a risk of harm where the plaintiff had demonstrated that there was press coverage of his case." 85 F.4th at 212–14 (citing D*oe v. Alger,* 317 F.R.D. 37, 40 (W.D. Va. 2016)). Here, the widespread coverage of SEVIS terminations and the administration's retaliation and harassment of international students across the country shows that Plaintiff's fear for his own safety is entirely

7

reasonable, evincing far "more than a mere general fear of retaliation or embarrassment." *Id.* at 213 (citing *Student A. v. Liberty Univ., Inc.*, 602 F. Supp. 3d 901, 920 (W.D. Va. 2022)). These threats of violence and retaliation are far more concrete and imminent than "general histories" of retaliation courts have found insufficient in other cases; these threats are clearly "connected to . . . the parties in this action" and involve "threats against [persons] challenging Defendants' polic[ies]." *Doe v. Pittsylvania County*, 844 F. Supp. 2d 724, 733 (W.D. Va. 2012) (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 2008 WL 4755674, at *4 (D.Haw. Oct. 28, 2008)).

Moreover, Plaintiff here has received a direct and clear communication from the Bureau of Consular Affairs that appears to threaten the possibility of detention and deportation to a third country. *See* Ex. C to TRO Application; Dkt. 1 (Compl. at ¶ 30); *see also Pittsylvania County*, 844 F. Supp. 2d at 733 (citing *Does I–XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1071 (9th Cir. 2000) for the proposition that "plaintiffs need not prove they face a danger of physical injury when they face extraordinary retaliation such as deportation, arrest, and imprisonment").

### C. Plaintiff brings this action only against the government and officers in their official capacity.

Courts in the Fourth Circuit have recognized that "[w]hen a plaintiff challenges the government or government activity, courts are more likely to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." *Algers*, 317 F.R.D. at 41 (alteration omitted) (internal citation omitted). This is because [a]actions against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm." *Pittsylvania County*, 844 F.Supp.2d at 730. This is especially true where, as here, any individuals sued alongside the government "are sued in their official capacities." *Doe v. Doe*, 85 F.4th at 215.

8

Indeed, any potential harm to Defendants' reputation as a result of this case is mitigated by the fact that Plaintiff's suit is only one amongst many that have been filed in recent weeks in response to ICE's unilateral termination of international students' F-1 status in SEVIS. Any marginal increase to the publicity of challenges to these government actions is thus so minimal that it should not weigh against Plaintiff's request for anonymity in this case. Moreover, courts in this circuit have recognized the identity of a given plaintiff in cases such as this should have no bearing on any effect the litigation has on the government's reputation. "Whatever reputational harm comes to Defendant from these allegations is the same regardless of whether Plaintiff uses her actual name or Jane Doe; the allegations are the same no matter who brings them." *Doe v. Darden*, 736 F. Supp. 3d 297, 302 (D. Md. 2024).

### D. Granting Plaintiff's motion will not risk unfairness or prejudice to the opposing party.

Plaintiff does not seek to hide their identity from the government, but rather only to keep it out of public filings. Because Defendants are "fully aware of [Plaintiff's] identity," they are "prejudiced in the defense of their case if [they] were allowed to proceed anonymously." *Alger*, 317 F.R.D. at 41; *Bedell*, 2025 WL 694541, *3 ("Where Defendants know the true identity of Plaintiffs, and are fully capable of investigating and responding to the allegations, there is no risk of prejudice to Defendants' defense." (internal quotation marks omitted)).

### E. The public interest in open litigation does not outweigh Plaintiff's interest in anonymity.

Any public interest in Plaintiff's identity is outweighed by Plaintiff's individual interest in anonymity. Although it is true that the Fourth Circuit has said "the public interest in the underlying litigation is especially compelling [when a plaintiff] sue[s] a federal agency," here, the public's interest can be satiated without reference to Plaintiff's identity. *Public Citizen*, 749

9

F.3d at 274. As courts in this circuit and others have recognized, the individual identity of Plaintiff is not necessary to facilitate the public's understanding of judicial decision-making or "public scrutiny of the important issues in this case." *Advanced Textile*, 214 F.3d at 1072; *see also Casa de Maryland, Inc. v. Trump*, 2018 WL 1947075, *2 (D. Md. Apr. 25, 2018) (stating in an immigration-related case that "the countervailing public interest in disclosing Individual Plaintiffs' addresses is slight and does not justify exposing them to the risk of excessive harassment or violent reprisals"). This is especially so where, as here, media coverage of the nearly identical litigation is taking place around the country.

Indeed, given the national attention that has been given to the SEVIS terminations and related government-actions affecting international students, anonymity and protection from retaliation *serves* rather than detracts from the public interest. The "public . . . has an interest in seeing this case decided on the merits." *Advanced Textile*, 214 F.3d at 1073. Advancing that public interest includes meaningful protection from retaliation, so that plaintiffs are not put to the choice of forgoing their right to access courts of law and subjecting themselves to clear risks of retaliation, harassment, and other harm.

## V. REQUESTED RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. GRANT this Motion and permit Plaintiff to proceed under the pseudonym "John Doe";
2. ORDER that in all public filings, including pleadings, motions, and exhibits, the parties refer to Plaintiff only as "John Doe," and redact or otherwise maintain in confidence all personally identifying information;

3. ORDER that Defendants, upon receiving Plaintiff's real name and other personal identifiers, refrain from disclosing such information to any third party or in the public record, except as required to carry out their official duties, and only under seal if filed with the Court; and

4. GRANT such other and further relief as the Court deems just and proper.

    Respectfully submitted,

/s/ Kelly Orians

**Kelly Orians**
580 Massie Road
Charlottesville, VA 22903
T: (303) 946-5375
E: keorians@gmail.com

/s/ Thomas Frampton

**Thomas Frampton**
580 Massie Road
Charlottesville, VA 22903
T: (202) 352-8341
E: tframpton@gmail.com
*Application for admission pro hac vice pending*