IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
May 01, 2025
LAURA A. AUSTIN, CLERK
BY s/ S. MELVIN
       DEPUTY CLERK

| | |
|---|---|
| John Doe, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:25-cv-00023 |
| ) | |
| Kristi Noem, in her official capacity as ) | |
| Secretary of Homeland Security, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The court entered a temporary restraining order in this case on Thursday, April 17, 2025, which is set to expire on Thursday, May 1, 2025, at 10:35 p.m. (Dkt. 8.) For the reasons identified below, the court finds good cause for extending the temporary restraining order for fourteen additional days. The temporary restraining order will now expire on Thursday, May 15, 2025, at 10:35 p.m.

Federal Rule of Civil Procedure 65(b)(2) provides that a temporary restraining order "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record." Fed. R. Civ. P. 65(b)(2). Courts have found "good cause" for extending a temporary restraining order "where more time is needed fully to consider the parties' arguments and motions or where the moving party needs additional time to prepare and present its preliminary injunction." *Maryland v. U.S. Dep't of Agric.*, No. JKB-25-0748, 2025 WL 919507, at *1 (D. Md. Mar. 26,

2025) (quoting *Costa v. Bazron*, Civ. No. RDM-19-3185, 2020 WL 2410502, at *2 (D.D.C. May 11, 2020)) (cleaned up).

The court concludes there is good cause for a fourteen-day extension of the temporary restraining order. Defendants filed a response in opposition to Doe's preliminary injunction motion on April 24, 2025; Doe filed a reply on April 28, 2025; and Defendants filed supplemental materials at the court's direction on April 29 and 30, 2025. (Dkts. 16, 21, 22, 23.) The court held a hearing on the preliminary injunction motion on May 1, 2025. Given the nature of the issues presented in this case and the expedited briefing and argument schedule, the court requires limited, additional time to fully consider the parties' submissions and arguments. *See, e.g.*, *Maryland*, 2025 WL 919507, at *1. The court intends to rule on Doe's preliminary injunction motion expeditiously within the extended period.

Accordingly, for good cause found, it is **ORDERED** that the temporary restraining order (Dkt. 8) is **EXTENDED** for fourteen additional days and shall expire on **Thursday, May 15, 2025, at 10:35 p.m. EDT**.

Additionally, at the May 1, 2025 hearing, the court directed the parties to meet and confer to determine whether Defendants will agree to conditions that will provide relief to Doe during the pendency of this matter and potentially obviate the need for preliminary injunctive relief. The parties are hereby **ORDERED** to meet and confer on this subject and notify the court of the results of their conference, including the terms of any agreement, by **Thursday, May 8, 2025, at 5:00 p.m. EDT.**

ENTERED this 1st day of May, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE