**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

|  |  |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; the DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,<br>,<br><br>        Defendants. | No.    3:25-cv-00023 |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**I.        Plaintiff's Claims Are Not Moot**

Plaintiff's APA claims are not moot, as this Court has already ruled, and the renewed motion to dismiss appears to fall within the conduct Rule 11 is intended to deter.[1] *See Doe v. Noem*, No. 3:25-cv-00023, ECF No. 65, slip op. at 10-14 (W.D. Va. Apr. 17, 2025) (explaining why this case is not moot). Defendants offer no meaningful basis to revisit this Court's prior mootness ruling: They have made no attempt to address this Court's voluntary cessation analysis, including this Court's conclusion that (1) Defendants' conduct throughout this and related litigation "exhibits . . . opportunism" and is "the very type that the voluntary cessation doctrine

---

[1]    A motion for sanctions has been sent to Defendants and will be submitted to the Court in twenty-one days if Defendants' motion is not withdrawn or corrected. *See* Fed. R. Civ. P. 11(c)(2).

1

was created to address," and (2) that current DHS "policy specifically disavows that it binds the Defendants at all." ECF No. 65, at 12.

Defendants have done more than recycle a motion that was already rejected by this Court (though this alone would be objectively unreasonable and worthy of sanction). Just twenty-four hours before Defendants filed their new declaration, another federal judge ruled that the phrase "based solely on NCIC record that led to the initial termination" (that is, the precise language contained in both the old and new declarations) "is an obvious hedge." *Doe v. Noem*, 25-cv-2998-KSH-AME, ECF No. 117, slip op. at 9 (D.N.J. Mar. 25, 2026). And discussing other language contained in the newest declaration (specifically, a reference to past and present—but not future—"position" of DHS), multiple federal judges have explained that such language does not "prevent ICE from altering its 'position' or 'plans' tomorrow—or terminating Plaintiffs' SEVIS records based on their NCIC hits alongside other inadequate factors." *Id.* (citing *Patel v. Lyons*, 2026 WL 587640, at *8) (D.D.C. Feb. 27, 2026). Several days before that, still another federal court emphasized that substantially similar language in a declaration "ma[de] no representation that ICE will not terminate SEVIS records in the future based on other existing or new NCIC hits or new visa revocations." *Presidents' Alliance on Higher Education and Immigration v. Noem*, 25-cv-11109-PBS, ECF No. 54, slip op. at 33 (D. Mass. Mar. 20, 2026). All of this is true of the "updated" declaration Defendants have submitted.

If Defendants were *not* hoping to mislead this Court with their latest declaration, why submit a declaration executed on March 26, 2026 containing precisely this same artful—and "obvious[ly]" misleading—language?[2] At a minimum, Defendants should have grappled with

---

[2] Notably, however, the declaration appears to confirm that Doe's visa has not yet been revoked (but, rather, Defendants anticipate a revocation that will become "effective upon departure"). This seems to directly undercut Defendants' representations regarding the

this authority before asking this Court to revisit an issue it has already decided and explain why the same "obvious hedge[s]" remain in their latest declaration. *Cf.* Order, Injunction, and Order to Show Cause, *Gimenez Rivero v. Mina*, 6:26-cv-66-RBD-NWH (M.D. Fla. Jan. 26, 2026) (ordering DOJ to show cause why attorneys should not be sanctioned and admonishing, "Don't hide the ball. Don't ignore the overwhelming weight of persuasive authority as if it won't be found. . . . Members of this Bar have a duty of candor to the Court.").

There's more still. For months, the parties have been in fruitless discussions over discovery. To date, Defendants *still* refuse to participate in discovery in any form whatsoever, despite the fact that this Court has already ordered them to do so in unambiguous terms. *See* ECF No. 50 ("Absent this court's express order otherwise, this Scheduling Order shall remain the controlling order for all discovery deadlines . . . . **The deadlines in this scheduling order are firm**.") (emphasis in original). A separate *Motion to Compel Production of Administrative Record* has been furnished via email to Judge Hoppe per his previous order, ECF No. 51, but this dispute provides important context to Defendants' latest filing, insofar as it explains *why*

---

applicability 8 U.S.C. § 1201(i), which strips jurisdiction to review "a revocation under this subsection." Previously, Doe argued that this court possessed jurisdiction to hear his visa-revocation claims because his visa had not yet been revoked (and, hence, there had not been "a revocation under this subsection"). This Court explained: "Without more [details as to the precise contours of a so-called 'prudential revocation'], the court has no basis to find that prudential visa revocations fall outside § 1201(i)'s jurisdiction strip." ECF No. 65, *16. Doe respectfully submits that the newest declaration is that "more"—direct confirmation of his allegation in the Amended Complaint ¶ 62 ("If this is, in fact, true [that a 'prudential revocation' is a possible revocation *if and when* the visa-holder departs from the country] then it is even clearer that the purported revocation of Doe's visa has not been made pursuant to 8 U.S.C. § 1201(i) authority, insofar as it has not been made at all."). If this Court agrees, he should be granted leave to amend and the opportunity to litigate his visa revocation claims. *Accord Presidents' Alliance on Higher Education and Immigration v. Noem*, 25-cv-11109-PBS, ECF No. 54, slip op. at 36-37 (D. Mass Mar. 20, 2026) (holding § 1201(i) does not deprive federal court of jurisdiction to review visa-revocation claims like Doe's).

3

Defendants are delaying: By declining to answer and instead reasserting mootness, Defendants can take the position (which, to be clear, Plaintiff thinks is erroneous) that they need not produce the administrative record. And Defendants know that if they file the administrative record, summary judgment will be entered against them, because Defendants have not once prevailed on the merits of the APA claim in scores of similar cases around the country. *See Patel v. Lyons*, 25-cv-01096-ACR, ECF No. 39, slip op. at 3, 6 (D.D.C. Feb. 27, 2026) (noting Administrative Record consisted of three emails and granting summary judgment to Plaintiff); *Bushireddy v. Lyons*, 25-1102 (SLS), ECF No. 56, slip op. at 3, 8 (same). Their aim is simply to delay litigation in hopes that Doe tires or self-deports. *But see* Fed. R. Civ. P. 11(b)(1) (emphasizing that "unnecessary delay" is an "improper purpose").

## II.    Plaintiff has stated a valid procedural due process claim

### A.  Plaintiff has alleged a property interest

The Second Amended Complaint does not simply state a legal conclusion (i.e., "Plaintiff has a property interest"); it is replete with *factual* allegations regarding the policies, customs, practices, and contractual relationship between UVA and Doe that give rise to a state-created interest in graduate education. "[C]onstruing all well-pleaded allegations in the light most favorable to Doe, Doe has now sufficiently pled that he had a property interest in his continued enrollment" at the University of Virginia, at least for purposes of a motion to dismiss. *Cf. Doe v. Virginia Polytechnic Inst. & State Univ.*, 2024 WL 1417977, at *12 (W.D. Va. Apr. 2, 2024).

### B.  Defendants *New* Rule 12(b)(6) Arguments Also Fail

Next, Defendants improperly raise two new arguments (which were available to assert, but not asserted, the last time around). *But see* Fed. R. Civ. P. 12(g)(2) ("a party that makes a motion under this rule must not make another motion under this rule raising a defense or

objection that was available to the party but omitted from its earlier motion"); *Rowley v. McMillan*, 502 F.2d 1326, 1333 (4th Cir. 1974) ("[Wright and Miller] conclude, and we agree, that an amendment to the pleadings permits the responding pleader to assert only such of those defenses which may be presented in a motion under Rule 12 as were not available at the time of his response to the initial pleading. An unasserted defense available at the time of response to an initial pleading may not be asserted when the initial pleading is amended."); *Lanehart v. Devine*, 102 F.R.D. 592, 594 (D. Md. 1984) ("The only circumstances under which the strict waiver policy of Rule 12(h) does not apply are those in which the defense was unavailable at the time the party answered."); *Seidel v. Kirby*, 296 F. Supp. 3d 745, 749 (D. Md. 2017) ("The amendment of a complaint *may* permit a defendant to present a second (or third, or fourth . . .) defense under Rule 12(b) that the defendant had not previously raised, but if it did it would not be *because* the complaint was amended. It would be because there were new facts or legal claims in the new complaint that made a previously unavailable defense available. All that matters is what the Defendants knew and when."). The additional arguments are thus waived.

If they are not waived, they are meritless. It is true that Doe was not expelled. *See* ECF No. 69, *11 ("Does fails to allege that his education was terminated."). But that was only because Doe raced to federal court, secured a temporary restraining order (over Defendants' objections), then secured a preliminary injunction (also over Defendants' objections). It is undisputed that Doe could not lawfully continue his education—and that UVA could not lawfully enroll him—given Defendants' illegal termination of his SEVIS record, and his complaint adequately alleges the constitutional harm that he *was* suffering and would continue to suffer absent injunctive relief. Finally, Defendants assert that Doe has not stated a valid claim because "Doe does not allege that *DHS or ICE* terminated his education at UVA or that DHS and

ICE owed him due process as part of the termination of Doe's enrollment at UVA." *Id.*, *12. But

Defendants ignore that Doe expressly alleges that it was Defendants' unlawful conduct,

undertaken without a modicum of due process, "that ha[d] the effect (and, indeed, was intended)

to end Plaintiff's public education." *See* SAC, ¶ 48.

Respectfully submitted,

_____

**Thomas Frampton**
580 Massie Road
Charlottesville, VA 22903
T: (202) 352-8341
E: tframpton@gmail.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026, I caused a true copy of the foregoing to be

electronically filed with the Clerk of the Court using the CM/ECF system, which will provide

electronic notice to the attorney of record.


/s/ Thomas Frampton

------------------------------------

**Thomas Frampton**
580 Massie Road
Charlottesville, VA 22903
T: (202) 352-8341
E: tframpton@gmail.com