UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED
April 22, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Kayla Lokey
DEPUTY CLERK

JOHN DOE,

Plaintiff

v.

MARKWAYNE MULLIN, in his official Capacity as Secretary of Homeland Security, et al.,

Defendants.

Civil No. 3:25-cv-00023

## JOINT STATEMENT OF DISCOVERY DISPUTE

The Parties submit this joint statement pursuant to Paragraph 2 of the Scheduling Order Addendum (ECF No. 51).

### I. Plaintiff's Position

Plaintiff's position is set forth in greater detail in the attached motion to compel production of the administrative record. To summarize, Plaintiff contends: (1) Defendants have not complied with a court-ordered discovery schedule issued December 22, 2025, ECF No. 50; and (2) Even if that were not the case, production of the administrative record would be independently warranted.

Defendants have furnished the administrative record in SEVIS litigation throughout the country but have refused to do so here. Citing no binding authority, Defendants claim they have no obligation to furnish the administrative record until after they file an Answer (and, even then, have no obligation to do so until expressly ordered to do so). But they have given no sign that they will *ever* file an Answer—even though their sole justification for refusing to do so over the past year, "mootness," has been thoroughly rejected by this court and dozens of other courts around the

country). Thus, their "offer" to agree to a hypothetical deadline at some unknown future date rings hollow.

## II. Defendants' Position

This is an Administrative Procedures Act (APA) case.[1] Thus, instead of discovery, the case proceeds with Defendants filing the administrative record and cross motions for summary judgment. Doe contends Defendants must immediately produce the administrative record prior to answering the complaint. Defendants disagree and have offered to agree to a deadline to produce the administrative record after they file an answer, but Doe has declined Defendants' invitation.

While Defendants' Motion to Dismiss the Amended Complaint was pending, on December 22, 2025, the Court entered a Scheduling Order setting deadlines for a Rule 26(f) conference, initial disclosures, expert disclosures, deadline to complete discovery, and a deadline to file dispositive motions. ECF No. 50. The deadline to complete discovery is August 17, 2026, and the deadline for dispositive motions is September 26, 2026. *Id.* Nothing in the Scheduling Order mentions a deadline for production of an administrative record. *Id.*

Shortly after the Court entered the Scheduling Order, Doe requested Defendants engage in a Rule 26(f) conference and commence discovery, including depositions. Defendants responded that discovery in an APA case is improper and they had no obligation to produce the administrative record prior to a ruling on their Motion to Dismiss. Doe did not agree, and Defendants filed a Motion to Stay the Scheduling Order pending ruling on Defendants' Motion to Dismiss. ECF No. 52. That Motion is still pending. Meanwhile, the Court granted Defendants' Motion to Dismiss in

[1] Although Count 2 of the Second Amended Complaint is a Fifth Amendment claim, because it likewise challenges the same agency action as the APA claims, discovery is not available. *See Krzywicki v. Del Toro*, 755 F. Supp. 3d 1, 17 (D.D.C. 2024); *Reyes v. McHenry*, 2020 WL 5583521, at *1 (S.D.N.Y. Aug. 3, 2020); *J.L. v. Cissna*, 2019 WL 2224851, at *1 (N.D. Cal. Mar. 8, 2019).

part and denied it in part, granting Doe leave to file an amended complaint, which he did on March 12, 2026. ECF Nos. 65, 67.

Doe's Second Amended Complaint (SAC) contains three counts—two APA claims and one Fifth Amendment due process claim. ECF No. 67. Defendants intend to file another Motion to Dismiss on their deadline—Thursday, March 26, 2026.

Defendants disagree that they have an obligation to produce an administrative record prior to filing an answer. Doe has not identified any Federal Rule of Civil Procedure, Local Rule, case law, or Court Order specifying such a deadline. Indeed, the Federal Rules of Civil Procedure outline the steps of civil litigation: (1) plaintiff files a complaint; (2) defendant files an answer; (3) parties commence discovery; (4) summary judgment briefing; (5) trial; and (6) judgment. Doe's position is that the parties can simply skip the second step, which flies in the face of the rules.

To the extent Doe relies on the Scheduling Order's discovery deadlines, Defendants do not believe the Scheduling Order is operative as it was filed prior to the current complaint. Even if it was operative, nothing in the Scheduling Order requires production of the administrative record at this time. The Scheduling Order sets deadlines for a Rule 26(f) conference and initial disclosures. However, such deadlines are inapplicable in this APA case pursuant to Rule 26(a)(1)(B). *See* Fed. R. Civ. P. 26(a)(1)(B) ("The following proceedings are exempt from initial disclosure: (i) an action for review on an administrative record."); *id.* R. 26(f)(1) (proceedings exempted from initial disclosures under Rule 26(a)(1)(B) are likewise exempt from a discovery conference). The remaining deadlines ordered by the Court have yet to elapse. Therefore, Defendants have complied with the Scheduling Order to the extent is appliable.

In practice, Defendants note that APA cases generally proceed with the parties agreeing to set a deadline to produce the administrative record once the defendant answers the complaint, and

Defendants propose the parties proceed as such here. *See* D.D.C. Local Rule 7(n) (setting a deadline to file the administrative record as 30 days following service of the answer to the complaint or simultaneously with the filing of summary judgment).

Respectfully submitted,

Date: March 24, 2026

*/s/ Laura Day Taylor*
Laura Day Taylor
Assistant United States Attorney
Virginia State Bar No. 94021
Illinois State Bar No. 6289334

*/s/ Krista Consiglio Frith*
Krista Consiglio Frith
Assistant United States Attorney
Virginia State Bar No. 89088
P. O. Box 1709
Roanoke, VA 24008-1709
Telephone: (540) 857-2250
Facsimile: (540) 857-2283
E-mail: Laura.Taylor@usdoj.gov
Krista.frith@usdoj.gov

Date: March 29, 2026

/s/ Thomas Frampton
Thomas Frampton
580 Massie Road
Charlottesville, VA 22903
T: (202) 352-8341
E: tframpton@gmail.com